IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| YOHANNEZ ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  No. 2:23-cv-2157-JPM-cgc |
| | ) |
| | ) |
| PSI SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is Defendant's May 2, 2023 Motion to Dismiss for Failure to State a Claim.  (D.E. # 10)  Plaintiff filed his response to the motion on May 22, 2023 (D.E. # 14) as well as a motion for leave to amend his complaint.  (D.E. # 13)  An Order granting Plaintiff's motion and ordering him to file his amended complaint within fourteen (14) days of entry of the order was entered on July 24, 2023.  (D.E. # 15)  Plaintiff has not filed his amended complaint.  Therefore, the Motion to Dismiss will be evaluated on the record at this time.

Plaintiff filed his complaint on March 23, 2023 alleging that on September 21, 2022 he arrived at a testing location administered by Defendant to take an examination in pursuit of an electrician license.  (D.E. # 1, Page ID 3-4)  Plaintiff and an employee of Defendant "became engaged in a dispute/disagreement in the process of initial registration." (D.E. # 1, Page ID 4)  The

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

dispute was resolved and Plaintiff took the examination. *Id.* Plaintiff did not pass the examination and sought to schedule another examination. *Id.* On the following day, when Plaintiff contacted Defendant to reschedule the examination, Plaintiff was informed that he had been "accused of threatening" one of Defendant's administrators and that he would not be allowed to schedule an examination with the company. *Id.* Plaintiff was further informed that the Tennessee board for licensing contractors would have to decide whether Plaintiff would be allowed to take another examination with Defendant. *Id.*

Plaintiff alleges that Defendant has defamed him in that he was falsely accused of threatening one of Defendant's testing administrators and that Defendant communicated that information to the Tennessee board for licensing contractors. (D.E. # 1, Page ID 5) Plaintiff seeks one million, five hundred thousand dollars ($1,500,000.00) in damages. (D.E. # 1, Page ID 6). The court has subject matter jurisdiction on the basis of diversity of citizenship as Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than seventy-five thousand dollars ($75,000.00). 28 U.S.C. §1332(a)(1)

Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) argues that complaint is time-barred as the statute of limitations in Tennessee for defamation actions is six (6) months. In a diversity action, the court is to apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (holding that a federal court sitting in diversity is bound to follow the law of the forum state); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Tennessee substantive law therefore governs. Part of Tennessee's substantive law for this Court to apply is Tennessee's choice-of-law rules, which theoretically could direct the Court to apply the underlying law (i.e., the law excluding choice-of-

law rules) of some other state. See *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692–93 (6th Cir. 2013). But here, the Court has not been presented with any argument or reason to believe that under Tennessee's choice-of-law rules, it should apply the underlying law of some state other than Tennessee. Accordingly, Tennessee underlying substantive law would appear to apply, and the parties seem to agree on that point. *Hudik v. Fox News Network, LLC*, 512 F. Supp. 3d 816, 824 (M.D. Tenn. 2021)  "Statutes of limitation are classified as substantive for *Erie* purposes," *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir. 1994) (citing *Guaranty Tr. Co. v. York*, 326 U.S. 99, 110–11, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)), but even though "state law sets the length of the statute of limitations, 'federal law' establishes when the 'statute of limitations begins to run,' " *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010). "Under federal law, as under most laws," the discovery rule—an equitable common-law rule—generally governs the question of when a statute of limitations begins to run, meaning that "the limitations clock starts ticking 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.' " *Id*.

While Plaintiff claims that his cause of action is one of defamation, there is an important distinction between the two types of defamation – libel and slander.  Libel is written defamation where "1) a party published a statement; 2) with knowledge that the statement is false and defaming to another or with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571–72 (Tenn. 1999)  The statute of limitations in a libel action is one year from the time the cause of action accrues.   Tenn. Code Ann. § 28-3-104(a)(1)(A).   Slander is spoken defamation. Tennessee Code Annotated §28-3-103 provides that "actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered."

In this case, Plaintiff has not made clear in his complaint what type of defamation occurred. If it is libel, then the complaint was filed within the one year statute of limitations. It is RECOMMENDED that the motion to dismiss be DENIED WITHOUT PREJUDICE to refile should later facts be developed to show that the alleged defamation was in the form of slander.

Signed this 6th day of October, 2023

                                        s/ Charmiane G. Claxton
                                        CHARMIANE G. CLAXTON
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**