# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| YOHANNEZ ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:23-cv-2157-JPM-CGC |
| v. ) | |
| ) | |
| PSI SERVICES LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant PSI Services LLC's ("PSI") Motion to Dismiss for Failure to State a Claim filed on May 2, 2023. (ECF No. 10.) Plaintiff Yohannez Allen ("Allen") filed his Response on May 22, 2023 (ECF No. 14) as well as a Motion for Leave to Amend the Complaint. (ECF No. 13.) On July 24, 2023, Magistrate Judge Claxton entered an order granting Plaintiff's Motion to Amend and ordering the Plaintiff to file the amended complaint within fourteen (14) days of entry of the order. (ECF No. 15.) As of the date of the instant order Plaintiff has not filed an amended complaint. Thus, the instant Motion will be evaluated on the record at this time. Based on the following the Motion is **GRANTED**. The case is thus **DISMISSED WITH LEAVE TO AMEND**.

**I.    BACKGROUND**

Plaintiff filed his Complaint on March 23, 2023 alleging that on September 21, 2022 he arrived at a testing location administered by Defendant to take an examination in pursuit of an

electrician license.  (ECF No. 1 at PageID 3-4.)  Plaintiff and an employee of Defendant then "became engaged in a dispute/disagreement in the process of initial registration."  (Id. at PageID 4.)  The dispute was resolved, and Plaintiff was allowed to take the examination and did so on the same day.  (Id.)  Plaintiff did not pass the examination and on September 22, 2022 sought to schedule another examination.  (Id.)  When Plaintiff contacted Defendant to reschedule the examination, Defendant informed Plaintiff that: (1) Plaintiff had been "accused of threatening" one of Defendant's administrators and thus would not be allowed to schedule an examination with the company; and (2) Defendant has informed the Tennessee board for licensing contractors (the "Licensing Board") regarding the allegations of threats, and the Licensing Board "would have to make the decision of whether or not the Plaintiff… would be allowed to take another exam with the defendants."  (Id.)

In his complaint, Plaintiff alleges that Defendant has defamed him by falsely accusing him of threatening one of the Defendant's testing administrators to the Licensing Board.  (Id. at PageID 5.)  Plaintiff seeks at least $1,500,000.00 in damages for mental anguish and suffering resulting from Defendants conduct, impairment of Plaintiff's reputation, and a significant loss of future earning capacity.  (Id. at PageID 6.)  Plaintiff also seeks that Defendant is "ordered to admit these allegations to be untrue to the Tennessee board for licensing contractors and any third party they communicated these false allegations to."  (Id. at PageID 7.)

II.   **LEGAL STANDARD**

   i.  *Failure to State a Claim Upon Which Relief Can Be Granted*

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v.

Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff without facts who is "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

    ii.    *Choice of Law for Statute of Limitations*

In a diversity action, the court is to apply the substantive law of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (holding that a federal court sitting in diversity is bound to follow the law of the forum state); Hayes v. Equitable Energy Res. Co., 266

F.3d 560, 566 (6th Cir. 2001) (citations omitted).  Part of Tennessee's substantive law for this Court to apply is Tennessee's choice-of-law rules, which theoretically could direct the Court to apply the underlying law of some other state.  See Standard Fire Ins. Co. v. Ford Motor Co., 723 F.3d 690, 692–93 (6th Cir. 2013).

Here, the Court has not been presented with any argument or reason to believe that under Tennessee's choice-of-law rules, it should apply the underlying law of some state other than Tennessee.  Accordingly, Tennessee underlying substantive law applies, and the parties seem to agree on that point.  See Hudik v. Fox News Network, LLC, 512 F. Supp. 3d 816, 824 (M.D. Tenn. 2021).  "Statutes of limitations are classified as substantive for Erie purposes," Phelps v. McClellan, 30 F.3d 658, 661 (6th Cir. 1994) (citing Guaranty Tr. Co. v. York, 326 U.S. 99, 110–11 (1945)), but even though "state law sets the length of the statute of limitations, 'federal law' establishes when the 'statute of limitations begins to run,'" Winnett v. Caterpillar, Inc., 609 F.3d 404, 408 (6th Cir. 2010) (citing Mich. United Food & Comm. Workers Union & Drug Employees v. Muir Co., 992 F.2d 594, 598 (6th Cir 1994)). "Under federal law, as under most laws, as under most laws, the limitations clock starts ticking 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" Id. (citations omitted).

### III.   ANALYSIS

#### A.   Statute of Limitations

In the instant Motion, Defendant argues that the Complaint is time barred, because "the complaint was filed against Defendant after the statute of limitations expired." (ECF No. 11 at PageID 17-8.)  Defendant argues that "[u]nder Tennessee law, actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered." (Id. at PageID 18 (citing T.C.A § 28-3-103).)  Defendant argues that because Plaintiff filed the complaint on

4

March 23, 2023, more than six (6) months after the he was informed that PSI notified the Licensing Board regarding Plaintiff's alleged behavior on September 22, 2022, he is barred as a matter of law from bringing this claim. (Id. at PageID 17-8.)

In response, Plaintiff "concedes to allegations of the complaint stated by the defendant[,]" and attempts to provide more information about each element of slander. (ECF No. 14 at PageID 26-7.) Plaintiff specifically "concedes that the statute of limitations for slander are six months[,]" but argues that "statute of limitations in slander starts when the words are spoken[,]" and alleges that the actual date when the words were spoken is "between September 26, 2022 and September 30th, 2022." (Id. at PageID 27-8.)

In the Complaint, the Plaintiff fails to specify whether libel or slander are the cause of action in the instant case. The distinction between the two types of defamatory actions is significant for the purpose of determining whether the instant action was filed after the statute of limitation has run. The statute of limitation in a libel action is one (1) year from the time the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A). The statute of limitation in a slander action, however, is six (6) months "after the words are uttered." Tenn. Code Ann. § 28-3-103. Because the Complaint does not provide enough information regarding the cause of action, the Court is unable to determine which statute of limitations should apply and thus does not make a ruling based on these arguments.

B. **Failure to State a Claim**

In the instant Motion, Defendant argues that "the complaint lacks *prima facie* facts showing any slander or defamation." (ECF No. 11 at PageID 17.) Defendant argues that Plaintiff fails to establish the elements of defamation and only pleads conclusions and their own inferences. (Id.) Plaintiff concedes to allegations stated by the defendant and seems to attempt

to cure those deficiencies in their Response, by providing information regarding each element of slander.  (ECF No. 14 at PageID 26-7.)

Plaintiff, however, cannot cure the shortcomings of his Complaint, in a response to a motion to dismiss.  Instead, Plaintiff is required to amend his complaint to make it clear what is his cause of action (libel or slander) and to provide facts supporting each element for that cause of action.  When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (2009) (citations omitted).  Here, as the Plaintiff conceded, the Complaint fails to state a claim for two reasons: (1) Plaintiff fails to name a cause of action as he fails to plead slander or libel, instead relying on generic defamation claim; and (2) Plaintiff fails to plead the elements of the cause of action with enough specificity.  Therefore, the Court holds that instant Motion is **GRANTED** and the instant case is **DISMISSED WITH LEAVE TO AMEND**.

IV.   **CONCLUSION**

For the foregoing reasons, PSI's Motion to Dismiss for Failure to State a Claim is **GRANTED**.  The instant case is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS SO ORDERED**, this 28th day of November, 2023.

                                              /s/ Jon P. McCalla
                                              JON P. McCALLA
                                              UNITED STATES DISTRICT JUDGE